STATE OF MAINE
PENOBSCOT, SS.

DISTRICT THIRTEEN
JLH - PEN - 12/30/2004

FILED & ENTERED
SUPERIOR COURT

DEC 30 2004

PENOBSCOT COUN]

Inhabitants of the Town of Lee,
    Plaintiff

v.

RONALD L. CASPERSON
LAW OFFICE

JAN 4 2005

Order (Second Motion for Contempt)

Edwin Goodwin,
    Defendant

Hearing on the plaintiff's second motion for contempt was held on December 13, 2004. A representative of and counsel for the plaintiff were present. The defendant was present and proceeded pro se.

By order dated October 21, 2003, the court held the defendant in contempt because he failed to comply with a judgment entered against him September 2002, requiring him to remove unserviceable, discarded, worn-out or junked automobiles and parts of such vehicles, from two automobile graveyards. A separate hearing was held in June 2004 to address the imposition of remedial sanctions that were imposed but provisionally suspended in the prior order. Based on the evidence presented at the June 2004 hearing, the court found that the defendant continued in his failure to comply with the underlying court order. Consequently, the court vacated the suspension and activated the 30 day period of incarceration issued in the October 2003 order. The defendant failed to purge the contempt and therefore served the full 30 days.

The evidence presented at the December 13 hearing establishes clearly and convincingly that the defendant still has done nothing to comply with the September 2002 order. Since the issuance of the October 2003 order, he has not removed any of the vehicles or vehicle parts from either the Silver Lake property or the Arab Road property. Further, there is no meaningful or persuasive evidence that the condition and quality of the vehicles and parts has improved. Therefore, the record demonstrates that the subject

1

vehicles and parts are of the same quality now as they were described in the prior orders. The evidence and prior orders also establish that the defendant has the means to comply with the September 2002 order of remediation.

The plaintiff also seeks the order of contempt due to the defendant's failure to pay any part of the huge financial obligation that has resulted largely from the daily penalties required by statute. The court finds that the defendant has had the means (and continues to have the means) to pay a portion of that obligation. This is demonstrated by his ability to pay $2,500 in cash to purchase a small parcel of land earlier this year (he financed the remainder of the $14,500 purchase price), and by the revenue the defendant could generate by selling the offending vehicles and parts.

The defendant presses two points in opposition to the motion at bar. First, he contends that he is no longer in contempt because the September 2002 order required him to remove the offending property no later than December 1, 2002. Because that date has come and gone, the defendant argues that he is no longer subject to that mandate. This argument fails. It is one that was either made and implicitly rejected when the court held the defendant in contempt in October 2003, or one that he failed to raise then and thus is barred from raising now. More fundamentally, through this contention, the defendant seeks a reward in the form of immunity from contempt, because of his defiance of the underlying judgment. The court declines to allow the defendant to benefit from his intransigence.

The defendant's second argument is that the plaintiff is not entitled to relief because it has declined to negotiate a resolution of the issues raised in the motion. This contention also fails, at the very least, because the plaintiff is under no obligation to do so, particularly against the backdrop of the defendant's ongoing refusal to comply with a series of court orders.

For these reasons, the court again finds that the defendant is in contempt, because he has had (and continues to have) the ability to comply with the court's remediation order and because he has had (and continues to have) the ability to make some payments toward the debt he owes to the plaintiff. Despite these circumstances, he has chosen to not comply with the court orders pending against him.

The next issue concerns the nature of the remedial sanctions to be imposed here. The 30day period of incarceration was utterly ineffective to motivate the defendant to comply with the court orders in this case. Thus, the court imposes a nine month period of incarceration in the Penobscot County Jail. The defendant may purge himself of contempt by satisfying the following conditions. First, he shall remove from both graveyard sites all parts of unserviceable, discarded, worn-out or junked motor vehicles, and all but 2 of unserviceable, discarded, worn-out or junked motor vehicles. In its June 2004 order, the court appears to have accepted the defendant's testimony that he would need eight months to clean up both automobile graveyards. The record on the motion at bar does not suggest otherwise, and the court therefore adopts this notion. Therefore, all of these removal ordered herein shall be completed on or before August 30, 2004.

Second, the court finds that the defendant has the present and ongoing ability to pay the plaintiff a portion of the amount he owes. The defendant has at least $2,500 in equity in the land he bought in January 2004. Additionally, the two graveyards hold approximately 430 vehicles. Each vehicle consists of 1.25 tons of scrap. This means that the defendant's vehicles have 537 tons of scrap. If properly prepared and delivered, a ton of scrap is worth $60. Thus, the defendant has the capacity to generate approximately $32,000 through the sale of scrap. Based on this evidence, the court orders that the defendant shall pay the plaintiff the sum of $20,000.00, to be credited against the amount he owes the plaintiff under court orders entered previously in this case. The defendant shall pay this amount to the plaintiff no later than August 30, 2005.

The remedial sanctions noted above are suspended. A hearing shall be held at the Superior Court, 97 Hammond Street, Bangor, Maine, on September 6, 2005, at 8:00 a.m. If the defendant does not appear for that hearing, a bench warrant for his arrest shall issue. At the hearing, the parties may present evidence on whether the defendant has complied with the requirements imposed by this order. If he has failed to comply with the requirements of this order, the suspension of the remedial sanctions shall be vacated immediately, and the defendant will be incarcerated pursuant to this order. If, at any time during any incarceration occasioned by this order, the defendant complies with the requirements of this order, he shall be released immediately from incarceration.

The clerk shall incorporate this order into the docket by reference.

Dated: December 29, 2004

_____
Justice, Maine Superior Court sitting
in Maine District Court
Jeffrey L. Hjelm

4

INHABITANTS OF THE TOWN OF LEE - PLAINTIFF
P O BOX 680
LINCOLN ME 04457
Attorney for: INHABITANTS OF THE TOWN OF LEE
ROGER HUBER  - RETAINED 01/04/2002
FARRELL ROSENBLATT & RUSSELL
PO BOX 738
BANGOR ME 04401-0738


vs
EDWIN GOODWIN  - DEFENDANT

Filing Document: LAND USE COMPLAINT          Minor Case Type: LAND USE ENFORCEMENT (80K)
Filing Date: 01/04/2002

## Docket Events:

01/07/2002 FILING DOCUMENT - LAND USE COMPLAINT FILED ON 01/04/2002

01/07/2002 Party(s):  INHABITANTS OF THE TOWN OF LEE
           ATTORNEY - RETAINED ENTERED ON 01/04/2002
           Plaintiff's Attorney: ROGER HUBER

01/07/2002 Party(s):  EDWIN GOODWIN
           SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP FILED ON 01/04/2002

01/18/2002 TRIAL - BENCH SCHEDULED FOR 03/08/2002 @ 1:30
           NOTICE TO BOTH PARTIES.

03/13/2002 TRIAL - BENCH HELD ON 03/08/2002
           KEVIN  STITHAM , JUDGE
           Defendant Present in Court

03/13/2002 FINDING - JUDGMENT DETERMINATION ENTERED ON 03/08/2002
           KEVIN  STITHAM , JUDGE
           Defendant Present in Court

           THIS JUDGMENT IS INCORPORATED BY REFERENCE.  COPY TO PARTIES.

03/25/2002 Party(s):  INHABITANTS OF THE TOWN OF LEE
           MOTION - MOTION ALTER/AMEND ORDER/JUDG FILED ON 03/21/2002

05/13/2002 NOTE - OTHER CASE NOTE ENTERED ON 05/10/2002
           JUDGE STITHAM REMOVED FILE

05/28/2002 FINDING - JUDGMENT DETERMINATION VACATED ON 05/22/2002
           KEVIN  STITHAM , JUDGE
           COPY TO PARTIES.

05/28/2002 OTHER FILING - OTHER DOCUMENT FILED ON 04/04/2002
           RESPONSE OF DEFENDANT TO MOTION TO ALTER/AMEND FILED.

05/28/2002 Party(s):  INHABITANTS OF THE TOWN OF LEE
           MOTION - MOTION ALTER/AMEND ORDER/JUDG GRANTED ON 05/22/2002
           COPIES TO PARTIES/COUNSEL

STATE OF MAINE  DISTRICT COURT
PENOBSCOT, SS.  LINCOLN
 Civil Action
 Docket No. CV-02-2

Inhabitants of the Town of Lee,
 Plaintiff

v.  Order

Edwin Goodwin,  DONALD L. GARBRECHT
 Defendant  LAW LIBRARY

 DEC 0 8 2006

FILED & ENTERED
SUPERIOR COURT
OCT 2 3 2006
PENOBSCOT COUNTY

Hearing was held this date on the motion for imposition of sanctions filed by the plaintiff Inhabitants of the Town of Lee. Counsel for the Town, and the defendant Edwin Goodwin were present. For the reasons set out below, the court declines to impose sanctions.

By order dated December 29, 2004, the court found Goodwin in contempt for failing to comply with a remediation order issued in September 2002, which required him to remove unserviceable, discarded, worn-out or junked automobiles and their parts from two automobile graveyards. As part of the December 2004 order, the court imposed remedial sanctions but suspended execution of those sanctions in order to allow Goodwin to purge himself of that contempt, by complying with the 2002 order. There followed a series of court hearings, which resulted in various agreements between the parties that largely involved extensions of time and payments of fines and attorneys fees. One of those hearings was held on September 6, 2005. At that hearing, the parties entered into an agreement again deferring imposition of sanctions conditioned upon an obligation that Goodwin would either remove the offending material from both junkyards or obtain a permit within 45 days. He also was to pay the Town $30,000 in full satisfaction of the amounts he had been ordered to pay in this case, which was substantially in excess of that figure. The parties returned to court on November 22, 2005, and entered into a modified agreement that Goodwin would submit a permit application and pay the associated fee

1

within 45 days, that he would bring the property into compliance by July 1, 2006, and that he would pay the Town an additional $500 by the same date.

On September 11, 2006, the Town issued Goodwin a permit to operate and maintain an automobile junkyard/graveyard. Goodwin, however, rejected several of the conditions the Town attached to the permit. Because Goodwin did not accept the permit, the Town argues here that Goodwin has not complied with the agreements reached in September and November 2005 and that, consequently, sanctions should be imposed.

The Town has not established that Goodwin has failed to satisfy the conditions of the parties' agreement. Pursuant to that agreement, Goodwin was required to obtain a municipal permit. He did so. His disagreement with some of its provisions does not vitiate or compromise the validity of the permit. Although any failure by Goodwin to comply with the terms of the permit could lead to future enforcement action by the Town, the Town specifically disclaims any contention now that Goodwin has violated the permit's requirements. The Town does not cite to any authority that, as condition to the validity of a permit, a permittee must be satisfied with the provisions of the instrument or withhold any disagreement with it. Therefore, irrespective of whether Goodwin embraces or contests the terms of the permit, the fact remains that he obtained the permit as the parties had agreed he needed to do. Therefore, as the Town's former CEO testified, Goodwin has met the requirements of the parties' agreement that served as an alternative to the imposition of sanctions.

The entry shall be:

For the foregoing reasons, the court denies the plaintiff's motion for imposition of sanctions that would be based on the contempt order dated December 29, 2004. The order herein shall constitute the final adjudication of all issues raised in the plaintiff's motion for contempt.

Dated: October 20, 2006

_____
Justice, Maine Superior Court
sitting in Maine District Court

2

INHABITANTS OF THE TOWN OF LEE VS EDWIN GOODWIN
UTN:AOCSsr  -2002-0002009                    CASE #:LINDC-CV-2002-00002
--------------------------------------------------------------------------------
INHABITANTS OF THE TOWN OF LEE                               PL
ATTY HUBER, ROGER  Tel# (207) 990-3314
ATTY ADDR:PO BOX 738 BANGOR ME 04401-0738

EDWIN GOODWIN                                                DEF

MAIL ADDR:322 ARAB ROAD LEE ME 04455

M=More, Space = Exit:M

Select the EXIT KEY for page selection line.